### JUNE TERM, 1885.

MAYOR AND ALDERMEN OF JERSEY CITY v. JAMES H. ELMENDORF.

The object of a statute being to validate certain claims for work done for the city in an illegal mode, and the title of such statute being "A supplement to an act entitled 'An act to re-organize the local government of Jersey City,'" it was held that the act was void, the title failing to set forth its object.

On error to the Supreme Court.

This action was tried at the September Term, 1883, of the Hudson Circuit Court, and under the direction of the court a verdict was rendered for the plaintiff below for $25,836.79.

The action is founded on the report and award of a referee, confirmed by the justice of the Supreme Court holding the Hudson Circuit, and made pursuant to the provisions of "A supplement to an act entitled 'An act to re-organize the

local government of Jersey City,'" approved April 9th, 1875. *Pamph. L., p.* 633.

The object of the writ of error was to determine the constitutionality of the act of 1875, under which said proceedings had been taken.

For the plaintiff in error, *A. L. McDermott.*

For the defendant in error, *John Linn.*

The opinion of the court was delivered by

BEASLEY, C. J.   On the 9th of April, 1875, an act of the legislature was approved, the general purport of which was to require the justice of the Supreme Court holding the Circuit Court of the county of Hudson to appoint a referee, who, if it appeared to his satisfaction that work had been done, or materials furnished for the improvement of a certain road within the limits of Jersey City, and that the same had not been contracted for in the manner prescribed by law, but that the same had been done or furnished by the order of any lawfully-constituted board, or by the engineer of such board, then such referee should order to be paid to the person having done such work such sum of money in payment thereof as should be just and reasonable.   The act further provided that on the confirmation of the report of the referee the city should be liable to pay the sum so awarded.

The only question raised on this writ of error related to the validity of this law, it being contended by the counsel of the plaintiff in error that the object of the law was not expressed in its title, in accordance with the requirement of section 7 of article IV. of the constitution of this state.   .   .

The act thus brought in question was entitled "A supplement to an act entitled 'An act to re-organize the local government of Jersey City,'" passed March 31st, 1871.

The question thus presented seems to me to be of easy solution.   The title of this act does not square with the constitutional provision, if such provision is to have any rational

signification. The object of this law was to enable the defendant in error to obtain an award against the city founded on a claim which did not, *per se*, constitute a legal ground of action, and the assertion that such a right could in any particular operate, in the most distant manner, as a re-organization of the city, is utterly inadmissible. The law gave nothing to the city, nor did it alter the structure of its government; nor confer upon it any new function or additional power. The entire effect of the legislation was to make it liable, in a conclusive form, to the payment of a debt; a proceeding that no more modified or affected its organization than a judgment in the ordinary form would have modified or affected it. In my opinion, no title, in view of the purpose intended, could have been selected which would have been more deceptive. It was easy for the projectors of this statute to state in its title that the object was to validate against the city certain informal claims for work done on this street; instead of that, they effectually concealed from all persons interested the purpose in view by styling it a supplement to an act to re-organize the city. The case affords at once an instance of a plain violation of this constitutional provision, and as plain a plea in favor of the wisdom and necessity of such provision.

Nor do I think the case so much relied upon by the counsel of the defendant lends any support to his contention in favor of the legality of this act. The case referred to is that of *Walter* v. *Town of Union*, 4 *Vroom* 350. The title of the act there in question was "An act to amend an act to incorporate the town of Union, in the township of Union, in the county of Hudson," and its purpose was to cure certain defects in an ordinance authorizing the construction of a sewer, and providing for the assessment of the costs, charges and expenses of the work. The act validated the ordinance and all proceedings under it.

The decision sustaining this act went, I think, to the very verge of the law, but the act there in question is not analogous to the present one. By the act, which was sustained by the

court, a new capacity or power was bestowed upon the municipality, and which, therefore, might be said to affect its organization, while by the present act a new power is given to the creditor and not to the municipality. As the case cited cannot rule in the present instance, it is not necessary further to consider it.

The judgment before the court must be reversed.

*For affirmance*—None.

*For reversal*—The Chief Justice, Depue, Dixon, Magie, Reed, Scudder, Van Syckel, Brown, Cole, McGregor, Paterson.    10.